**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ESSEX INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:07-CV-125-O** |
| | § | **ECF** |
| **EVEREST ENTERPRISES, INC. d/b/a** | § | |
| **QUALITY INN OF WICHITA FALLS,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Essex Insurance Company's Motion for Summary

Judgment ("Pl. Mot.") and Brief in Support ("Pl. Br."), Defendant Everest Enterprises, Inc.'s

Response to Plaintiff's Motion for Summary Judgment ("Def. Rsp."), and the parties' Joint

Appendix ("Jt. App.") filed February 4, 2008.  Doc. No. 11 (7:07-CV-125-O) (N.D. Tex. Feb. 4,

2008).

Having reviewed the relevant filings, the evidence, and the applicable law, the Court

finds this case should be dismissed for lack of jurisdiction.  Accordingly, Plaintiff's motion is

hereby DENIED as moot.

## I.    BACKGROUND

This action involves an insurance coverage dispute between Plaintiff, an insurance

company, and Defendant, a hotel operator insured by Plaintiff.  Plaintiff seeks a declaration from

this Court, pursuant to 28 U.S.C. § 2201 *et. seq*., and Rule 57 of the Federal Rules of Civil

Procedure, that it had no obligation to provide a defense to Defendant from claims arising in a

separate underlying lawsuit.  (Am. Compl. At 5, ¶ 9).

On February 4, 2007, the plaintiff in the underlying lawsuit, Herman Gibson, filed his Original Petition alleging negligence on the part of Defendant for injuries he sustained as a result of a spider bite while a guest at the hotel operated by Defendant. *Id*. at 3. After the underlying lawsuit was filed, Defendant demanded that Essex defend it from Gibson's claim. Pl. Mot. at 5. Essex denied coverage based on an exclusion for "bodily injury" attributable to animals in the policy it issued to Defendant. Plaintiff took the position that a spider qualifies as an animal and therefore the exclusion applied. *Id.* Plaintiff Gibson then filed his First Amended Petition on June 8, 2007, which continued to allege that his injuries were the result of the spider bite. Jt. App. at 13.

Shortly after the plaintiff in the underlying lawsuit filed his First Amended Petition, Plaintiff initiated the present declaratory judgment action in this Court. Doc. No. 1. (7:07-CV-125-O) (N.D. Tex. Aug. 2, 2007). Plaintiff's complaint sought a declaration from this Court that it had no duty to defend Defendant based on then-pending allegations in First Amended Petition in the underlying case.

On October 4, 2007, plaintiff in the underlying lawsuit filed his Second Amended Petition removing references to the spider bite. Jt. App. at 19 - 22. Shortly after the Second Amended Petition was filed, Plaintiff in the present matter, Essex, filed an Amended Complaint informing the Court that it was providing a defense for Defendant Everest in the underlying lawsuit under a reservation of rights. Doc. No. 9. (7:07-CV-125-O) (N.D. Tex. Dec. 11, 2007). Plaintiff also informed the Court that it continued to deny coverage for claims brought before Mr. Gibson filed his Second Amended Complaint. *Id.*

Plaintiff seeks summary judgment declaring that it had no defense obligations as to the underlying lawsuit until the underlying Second Amended Petition was filed. Pl. Mot. at 2. Plaintiff also argues that it is entitled to a declaration that it has no obligation to reimburse Defendant for the costs incurred prior to the filing of the Second Amended Petition. *Id.*

Defendant argues that no actual controversy exists in this case because it currently does not, and will not seek reimbursement for its defense of claims prior to the Second Amended Complaint. Def. Rsp. at 1-2.

## II.    JURISDICTION

A district court must address matters of jurisdiction before addressing the merits of claims. *Trugreen Landcare, L.L.C v. Scott,* 512 F. Supp. 2d 613, 621 n.8 (N.D. Tex. 2007); *see also*, *Stanley v. CIA*, 639 F.2d 1146, 1157 (5th Cir. 1981) (explaining that a federal district court has a "mandatory duty" to dismiss a suit rather than adjudicate the merits of a claim over which it has no jurisdiction). The Court will therefore review the questions of jurisdiction raised by Defendant before reviewing Plaintiff's motion for summary judgment.

The Declaratory Judgment Act ("The Act") provides, in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201. The Act requires that federal courts exercise jurisdiction in only those cases where an actual controversy exists between the parties. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (noting that there "must be a substantial controversy of sufficient immediacy and

reality between parties having adverse legal interests").  Thus, where no actual controversy

exists, the district court lacks subject matter jurisdiction and must dismiss the case.  While there

is no precise test for determining whether a controversy exists, courts look to whether the alleged

facts show that a substantial controversy of sufficient immediacy and reality exists between the

parties.  *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941), citing *Aetna Life*,

300 U.S. 239-42; *see also Connell v. Shoemaker*, 555 F.2d 483, 486 (5th Cir. 1977).

The Fifth Circuit has provided a three-step inquiry for courts to use when determining

whether to dismiss a declaratory judgment suit:  1) whether the action is justiciable; 2) whether

the court has authority to grant declaratory relief; and 3) whether the court should exercise its

discretion to dismiss the action.  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir.

2000).  With respect to the first step, the Fifth Circuit has explained that an action, "to be

justiciable, must be such that it can presently be litigated and decided and not hypothetical,

conjectural, conditional or based upon the possibility of a factual situation that may never

develop."  *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (*quoting Brown & Root,

Inc. v. Big Rock Corp*., 383 F.2d 662, 665 (5th Cir. 1967)).  Moreover, district courts have been

cautioned against sitting in judgment of questions that are speculative in nature.  *American Fid.

& Cas. Co. v. Pa. & Farmers' Mut. Cas. Ins. Co*., 280 F.2d 453, 461 (5th Cir. 1960) ("it is not

the function of a United States District Court to sit in judgment on these nice and intriguing

questions which today may readily be imagined, but may never in fact come to pass").

In the present case, Plaintiff contends that a declaratory judgment is necessary to ensure that

it will not be required to either defend or reimburse Defendant from the claims presented in the

underlying lawsuit prior to the filing of the Second Amended Petition.  Plaintiff insists that such

relief is necessary despite the fact that it is currently defending Essex on the live pleadings in the underlying action, and that Defendant has not insisted on reimbursement for its defense prior to the Second Amended Complaint. Notably, Defendant has judicially admitted that it will not seek reimbursement for its defense costs in the underlying lawsuit prior to the date the Second Amended Petition was filed. *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them. Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention."). In effect, then, Plaintiff seeks declaratory relief from a potential, speculative claim by Defendant. However, the possibility that Defendant might make such a claim in the future is not of sufficient immediacy and reality to warrant a declaratory judgment. *Connell*, 555 F.2d at 486.

The Declaratory Judgment Act requires that an actual controversy exist in order for federal courts to enjoy jurisdiction over a lawsuit. *Middle South Energy*, 800 F.2d at 490. Because this case does not present the Court with a substantial controversy of sufficient immediacy and reality, no actual controversy exists. Thus, the Court finds that Plaintiff's claim should be and is hereby dismissed for lack of jurisdiction.

## III.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's motion for summary judgment is denied as moot;

2. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

**SO ORDERED** on this 3rd day of November, 2008.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

5